

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 12, 1939

Honorable Cecil H. Tate
County Attorney, Bailey County
Muleshoe, Texas

Dear Sir:

Opinion No. O-894
Re: Whether different taxing units
can maintain a joint suit for de-
linquent taxes due such respect-
ive units.

We are in receipt of your letter of May 27, 1939,
wherein you request our opinion in substance as to whether
the State of Texas, the City of Muleshoe and the Muleshoe
Independent School District can join their respective actions
for delinquent taxes against a single piece of property and
maintain a joint suit for the recovery of the delinquent
taxes due said various taxing units.

There is no specific statutory authority for such
a procedure. However, Article 7345b, Revised Civil Statutes,
contains a specific authority for the settling and adjudicatio
of all such tax claims in one suit. Section 2 of said Article
7345b provides in the first paragraph thereof that when a tax-
ing unit brings a suit for delinquent taxes against a piece
of property such plaintiff may implead as parties defendant
all other taxing units having delinquent tax claims against
such property or any part thereof and further provides for
the service of citation in such instances. It also provides
that any taxing unit having any claim for delinquent taxes
against such property may waive the issuance and service
of citation upon it. The second paragraph of said Section
2 provides that where other taxing units are not impleaded
the plaintiff shall notify such other taxing units by regis-
tered mail of the filing of the suit, "so that such taxing
units not impleaded may have the opportunity to intervene as
herein provided."

Section 3 (d) of said Article 7345b provides that
"any process authorized by this Act may issue jointly in
behalf of all taxing units who are plaintiffs and/or inter-
venors in any suit." Section 4 of said Article provides

Hon. Cecil H. Tate, June 12, 1939, Page 2

that "each party to such suit shall take notice of and plead and answer to all claims and pleadings then on file or thereafter filed in said cause by all other parties therein and the citation upon each defendant shall so recite."

Section 10 of said Article provides that the purchaser of any such property shall take title free of all liens and claims for taxes against the property as against any party to such suit. Other details are taken care of in said Article 7345b including the matter of selling the land and distributing the proceeds.

As a practical matter, a defendant in a tax suit would suffer no prejudice by the procedure which you suggest which he would not likewise suffer in the event only one taxing unit should file the suit and should make other taxing units parties defendant and force them to set up their claims by cross-actions, or if such other taxing units were not made parties defendant but after receiving the registered letters should set up their claims for taxes by pleas of intervention. The issues to be determined in the suit would be the same regardless of which one of the three methods of procedure should be followed.

Section 3 (d) of said Article 7345b, in providing that any process authorized by this Act may issue jointly in behalf of all taxing units who are plaintiffs and/or intervenors in any suit seems plainly to contemplate that in some instances there may be more than one plaintiff. Should two taxing units join in a single suit and a plea of misjoinder of causes of action be sustained thus necessitating the elimination of one of the plaintiffs as a party plaintiff, then under the plain terms of the statute, such taxing unit thus stricken out as a plaintiff could file a plea of intervention setting up in the same suit the same cause of action and have the issues tendered by him adjudicated in that suit. Any action of the Court in thus sustaining pleas of misjoinder of parties or causes of action could thus be completely nullified as a matter of course.

Our answer to your question, therefore, is an affirmative one. In support of our conclusion we cite the



case of Pfirrman v. District of Clifton, 96 S.W. 810, Kentucky Court of Appeals. To avoid any question, however, we would suggest that one of the two methods of procedure specifically outlined in the statutes be followed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:PBP

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By GOB
Chairman